PHŒNIX KNITTING WORKS v. LOUER BROS.

(Circuit Court, N. D. Illinois. September 14, 1910.)

No. 30,073.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—DESIGN FOR NECK SCARF.

The Mead design patent, No. 39,347, for a design for a neck scarf, is not void because no specification was filed showing the method of making the article which is sufficiently shown by the drawing. Also, *held* infringed on motion for preliminary injunction.

In Equity. Suit by the Phœnix Knitting Works against Louer Brothers. On motion for preliminary injunction. Motion granted.

See, also, 194 Fed. 696.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Walter H. Chamberlain, Winkler, Flanders, Bottum & Fawsett, and Leverett C. Wheeler, for complainant.

Charles W. Hills and John G. Elliott, for defendants.

SANBORN, District Judge (sitting as Circuit Judge). The three usual requisites for a temporary injunction being shown—that is, patent adjudicated, title in complainant, and infringement—defendants present several defenses to the granting of the motion. These are invalidity of the patent, collusion and fraud between the parties to the adjudication, and new evidence showing anticipation. Collusion and fraud are positively denied under oath by those against whom they are charged, and evidence to support the charges is mainly inferential or circumstantial. As the record stands, the charges are disproved.

As to validity of the patent: This is a design patent for a neck scarf. The applicant described the design as consisting of two ornamental connected aprons, each provided with a scalloped longitudinal edge and two transverse series of stitching at angles to each other, each series of stitches being located between opposing scallops; and claimed "the ornamental design for a neck scarf as shown." A drawing was submitted showing sharp corners of the serrated edges of the aprons. The examiner required a new drawing properly showing the design, and added that if a proper drawing was filed the detailed description would be surplusage and should be canceled. The applicant thereupon filed a new drawing, showing blunt corners such as would naturally result from the stitching as described in the specification; which was, pursuant to the examiner's requirement, canceled by the applicant.

It is now urged by counsel for defendants that the patent statute requires a description or specification of the method of making the article to which the design applies. It is said that this is necessary to prevent dispute and uncertainty as to what the design really covers, and that the practice of the Patent Office in requiring specifications in design patent cases to be struck out puts upon the courts the burden of determining what the invention really is. Section 4929, R. S. U. S. (U. S. Comp. St. 1901, p. 3398), relating to design patents, provides that the same proceedings shall be had as in other cases; and section 4933 (page 3399) provides that all the regulations and provisions which apply to patents for obtaining or protecting patents for inventions shall apply to patents for designs. What reason exists for the practice of the office in dispensing with specifications is unknown. It would seem to be an unsafe and doubtful practice. However, no court has ever held a design patent void, upon this ground alone.

In Tompkins Co. v. New York Woven Wire Mattress Co., 159 Fed. 133, 86 C. C. A. 323, the Court of Appeals for the Second Circuit held a design patent void on other grounds, saying that the statute requires a full, clear specification, and that it might be doubted whether the patentee had complied with the statute. This was the case of a miniature design for a bed spring, which had to be enlarged in actual use, and there was much doubt as to how the enlargement was to be made. In the present case the drawing of the design sufficiently indicates the

method of construction of the muffler, so that the specification, as the examiner held, is surplusage; in other words, the description is contained in the drawing.

The new evidence of the prior art adds nothing to what was before Judge Quarles in the suit where the patent was sustained. Such evidence is presented by affidavit. It is not so full, clear, and free from doubt as to justify a ruling different from that reached by him.

A preliminary injunction will issue as prayed for in the motion.